IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| DEMARIA WOODS | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:17cv446 |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Petitioner DeMaria Woods, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Woods challenges two convictions for credit card abuse from Panola County which were rendered on December 27, 2013. No appeal was taken and so Woods' conviction became final on January 26, 2014.

On January 7, 2015, Woods filed a federal habeas corpus petition challenging a prison disciplinary proceeding. *Woods v. Director, TDCJ-CID*, civil action no. 6:15cv52 (E.D.Tex., dismissed March 4, 2015, no appeal taken). The Court determined that Woods failed to show the infringement of a constitutionally protected liberty interest and dismissed the petition with prejudice on March 4, 2015. Woods signed the present habeas petition, challenging his credit card abuse convictions, on July 25, 2017.

## II. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed as successive, citing *Propes v. Quarterman*, 573 F.3d 225, 227 (5th Cir. 2009). In that case, the petitioner Johnnie Propes received an 18-year sentence for murder in June of 2003. In February of 2005, Propes filed a federal habeas corpus petition challenging a prison disciplinary case. This petition was dismissed with prejudice in March of 2006 upon a finding that Propes failed to assert the deprivation of any right secured by the Constitution or laws of the United States.

In November of 2005, while the previous habeas petition was pending, Propes filed a state habeas application challenging his conviction. This state application was denied in February of 2007, and Propes filed a federal habeas petition challenging his conviction in March of 2007.

The district court dismissed this petition as successive and Propes appealed. On appeal, the Fifth Circuit stated that a petition is "successive" when it "either presents a challenge to the petitioner's conviction or sentence that could have been presented in an earlier petition or can be said to be an abuse of the writ." The appellate court went on to explain as follows:

> The alleged errors in Propes' conviction, which are the targets of the challenge he now presents in a second habeas filing, occurred before Propes made his first habeas filing. That fact makes the second habeas petition successive under the AEDPA. *United States v. Orozco–Ramirez*, 211 F.3d 862, 869 (5th Cir.2000). It is true that Propes had not yet exhausted his claims to the conviction in state court at the time he filed his initial petition for habeas relief. Under *Crone* [*v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003)], he still was required to join his claims.
>
> Propes also argues that the Texas Department of Criminal Justice's disciplinary action against him was a separate ruling by a separate court. We have already held that the Texas Department of Criminal Justice is not a "state court" and that its disciplinary decisions are not judgments. *See Story v. Collins*, 920 F.2d 1247, 1251 (5th Cir.1991). Instead, a challenge to a disciplinary proceeding is considered a challenge to the administration of the sentence for the underlying conviction. *Id*.
>
> Next, Propes finds support from our earlier decision that a petitioner may, but is not required to, challenge separate convictions from the same court in a single habeas application. *Hardemon* [*v. Quarterman*, 516 F.3d 272, 275–76 (5th Cir. 2008)]. That rule is inapplicable because as we stated in the just-discussed Collins decision, disciplinary proceedings do not result in separate judgments. There is one judgment that has placed Propes in prison. Included within the results of that judgment are disciplinary proceedings that occur while he is subject to the conviction. There is, of course, still a requirement that the claims could actually have been brought

together. Disciplinary actions that occur after a petition for habeas relief on the conviction has been presented and resolved could not have been brought in the earlier petition and would not be subject to this bar. The AEDPA concerns for abuse of the writ lead to stringent requirements for the bringing of claims, but not impossible ones.

We therefore conclude that when Propes challenged his state court conviction, he filed a successive petition that would be barred under the AEDPA absent some principle allowing removal of the bar.

*Propes*, 573 F.3d at 229-230.

Based on this holding, the Magistrate Judge reasoned that Woods is in exactly the same position as was Propes. His conviction became final in 2013 and he filed a habeas corpus petition in 2015 challenging a disciplinary proceeding. The alleged errors in his conviction occurred before Woods made his first habeas filing, rendering the present petition successive. The Magistrate Judge therefore determined that until Woods obtains leave to file a successive petition, the district court lacks jurisdiction to consider his claims. *Crone*, 324 F.3d at 836.

### III. Woods' Objections to the Report

In his objections, Woods states that he received two years in state jail for the credit card abuse convictions, which ran concurrently to a 20 year sentence which Woods was already serving. He notes that he filed his state habeas petition challenging the credit card abuse convictions in June of 2017 and the State of Texas has no statute of limitations for habeas corpus proceedings. Woods argues that the state court interfered with his ability to develop his claims because he was denied a speedy trial on his 2009 community supervision revocation, but he fails to show how this is relevant to the question of whether his present habeas petition is successive.

Next, Woods argues that claims must be exhausted in state court before they can be filed in federal court and states that the Fifth Circuit's decision in *Propes* is "contradictory." He contends that because his challenges to his conviction had not been exhausted at the time of the disciplinary case, his federal habeas petition should not be considered successive.

Woods also contends that "technically, petitioner did not know of the facts underlying the challenge to his disciplinary case [sic] at the time he filed his first petition back in January 2015 because he had not yet addressed the state court." Woods asserts that he has shown "cause and prejudice" which should allow his case to be heard and his petition should be granted or an evidentiary hearing conducted.

## IV. Discussion

Woods argues in his federal habeas petition that: (1) his plea of guilty was not voluntary or knowing; (2) he received ineffective assistance of counsel during the plea bargaining process; (3) he was denied access to court while in the Panola County Jail when he believed his attorney was not helping him properly; and (4) the district attorney questioned him without his attorney being present. These alleged errors occurred prior to the filing of Woods' first federal habeas petition and were known or should have been known by Woods at the time he filed his first petition. As such, the Magistrate Judge properly concluded that Woods' present habeas petition is successive. *Propes*, 573 F.3d at 229.

The fact that Woods had not yet exhausted his claims in the state court at the time he filed his first petition does not change the successive nature of the second petition. As the Fifth Circuit explained, "it is true that Propes had not yet exhausted his claims to the conviction in state court at the time he filed his initial petition for habeas relief. Under *Crone*, he still was required to join his claims." *Id.* at 229.

28 U.S.C. §2244(b)(3) reads as follows:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Woods' first federal habeas petition was filed in January of 2015, at a time when he was aware or should have been aware of the factual bases of the challenges he presents in his current petition. His conviction had become final and all of the factual bases in his challenge to his conviction arose well before the filing of his first federal petition. *Compare Greer v. Stephens*, civil

action no. 2:14cv198, 2015 U.S. Dist. LEXIS 124613, 2015 WL 5514276 (N.D.Tex., September 4, 2015), *Report adopted at* 2015 U.S. Dist. LEXIS 123831, 2015 WL 5472516 (N.D.Tex., September 16, 2015) (petitioner's conviction was still on appeal at the time he sought habeas corpus relief for a disciplinary proceeding, so at least one of his claims - ineffective assistance of counsel on appeal - may not yet have occurred because the direct appeal was still pending).

By contrast, Woods' case is in the same posture as *Propes*. The Magistrate Judge correctly concluded that the federal district court lacks jurisdiction over Woods' claims until such time as Woods secures permission from the Fifth Circuit Court of Appeals to file a successive petition. Because this Court lacks jurisdiction, the Magistrate Judge properly recommended that Woods' petition be dismissed without prejudice until such time as such permission is obtained.[1]

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 8) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED** without prejudice, with refiling conditioned upon Woods obtaining permission from the Fifth Circuit Court of Appeals to file a second or successive petition. He may not refile this petition until such permission is received. It is further

---

[1] While the Court had no occasion to consider this question at this time, Woods' petition also appears to be barred by the statute of limitations set out in U.S.C. §2244(d). He did not appeal and his conviction became final in January of 2014. He did not seek state habeas corpus relief until June of 2017, well after the one-year limitations period had expired, and his state petition therefore did not revive any portion of the federal limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999).

5

**ORDERED** that the Petitioner DeMaria Woods is **DENIED** a certificate of appealability *sua sponte*. The denial of the certificate of appealability relates only to the dismissal of the present case and shall have no effect upon Woods' right to seek permission from the Fifth Circuit to file a second or successive petition. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

**So Ordered and Signed**
**May 4, 2018**

_____
Ron Clark, United States District Judge